UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-23672

KETTY FRANCOIS,

    Plaintiff,

 v.

RESURGENT CAPITAL SERVICES, LP,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq*. ("FCCPA").

## JURISDICTION & VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, 15 U.S.C. §1692k, and 15 U.S.C. § 1681(p). Venue in this District is proper because Plaintiff resides here and Defendant sent and caused to be sent letters into this District.

## PARTIES

3.    Plaintiff, Ketty Francois ("Franocis"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida. She is a consumer as defined by the FCCPA.

4.    Defendant, Resurgent Capital Services, ("Resurgent"), is a corporation organized under the laws of the State of Delaware. Its principal place of business is at 55 Beatie Place, Suite 110, Greenville, SC 29601.

5. Resurgent is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Co., 1201 Hays St., Tallahassee, FL 32301.

6. Resurgent regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts for others.

7. Dynamic Recovery Solutions, LLC ("Dynamic") services debts for Resurgent.

8. Resurgent retained Dynamic to collect a consumer debt against Plaintiff.

9. Resurgent is registered as a collection agency.

10. Resurgent is a "debt collector" as defined in the FDCPA.

11. Resurgent is a creditor as defined by the FCCPA.

## FACTUAL ALLEGATIONS

12. Defendant, Resurgent, sought to collect from Plaintiff an alleged debt ("the debt") for a consumer loan.

13. Resurgent was acting on behalf of CVI SGP-CO Acquisition Trust to collect on the debt.

14. The debt at the time Resurgent was attempting to collect from the Plaintiff was in default.

15. The debt was for a personal, household, or family purpose.

16. Joel D. Lucoff, on March 25, 2020, sent a letter of representation to Resurgent advising that he represented Francois. The letter was received by Resurgent on March 30, 2020. A copy of the letter is attached as Exhibit "A."

17. On April 15, 2020, Dynamic, on behalf of Resurgent, sent a letter directly to Plaintiff. A copy of the letter is attached as Exhibit "B."

18. Dynamic, on behalf of Defendant, sent other letters, including one on July 30, 2020, directly to Plaintiff.

19. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

20. Plaintiff's attorney had not failed to respond to any communication of Defendants within a reasonable amount of time.

21. No court had authorized Defendants' direct communication with Plaintiff

22. At the time Defendant's agent sent Plaintiff multiple letters, Defendant knew the FDCPA and FCCPA prohibited it from communicating directly with Plaintiff.

23. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail herself of the representation of her counsel.

24. The actions of Defendant caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

## COUNT I
## CONTACTING A CONSUMER REPRESENTED BY
## COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

25. Plaintiff incorporates Paragraphs 1 through 10 and 12 through 24.

26. Defendant, Resurgent, caused its agent, Dynamic, to communicate directly with the Plaintiff on multiple occasions when it knew that Plaintiff was represented by counsel in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Resurgent, for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT II
## CONTACTING A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18)

27.      Plaintiff incorporates Paragraphs 1 through 9 and 11 through 24.

28.      Defendant, Defendant, Resurgent, caused its agent, Dynamic, to communicate directly with the Plaintiff on multiple occasions when it knew that Plaintiff was represented by counsel in violation of Fla. Stat. §559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Resurgent, for:

      a.      Statutory and actual damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Shield Law
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:   754-800-5299
> Email: joel@debtshieldlawyer.com
>             legal@debtshieldlawyer.com
>
> */s/ Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163